[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 22, 2009
THOMAS K. KAHN
CLERK

No. 08-15457
Non-Argument Calendar

_____

D. C. Docket No. 07-00339-CV-J-33-MCR

DERRICK L. HARRIS,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 22, 2009)

Before BIRCH, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Derrick L. Harris appeals from the district court's order affirming the Commissioner's denial of his application for disability benefits, 42 U.S.C. § 405(g). Harris argues the record shows he met the requirements for a finding of mental retardation under Listing 12.05(C) or 12.05(D) and, therefore, was entitled to disability benefits. He asserts that he repeated grades, never graduated high school, had a verbal I.Q. of 66, and had other indicia of retardation. Additionally, Harris contends that Doctor Clifton, a consultative psychologist, found he was severely impaired, and the Administrative Law Judge (ALJ) erred by not finding him eligible for benefits.

We review the ALJ's decision "to determine if it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quotation omitted). We "may not decide the facts anew, reweigh the evidence, or substitute [our] judgment for that of the Commissioner," but rather we "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (quotations omitted). "Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). Substantial evidence is "less than a preponderance, but rather such relevant

2

evidence as a reasonable person would accept as adequate to support a conclusion." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

The Social Security regulations set forth the following five-step "sequential evaluation" process to determine whether a claimant is disabled: (1) the disability examiner determines whether the claimant is engaged in "substantial gainful activity"; (2) if not, the examiner decides whether the claimant's condition or impairment is "severe," i.e., whether it significantly limits the claimant's physical or mental ability to do basic work activities; (3) if so, the examiner decides whether the claimant's impairment meets or equals the severity of the specified impairments in the Listing of Impairments, thereby precluding any gainful work activity; (4) if the claimant has a severe impairment that does not meet or equal the severity of an impairment in the Listing of Impairments, the examiner assesses a claimant's residual functional capacity (RFC), which measures whether a claimant can perform past relevant work despite the impairment; (5) if the claimant is unable to do past relevant work, the examiner determines whether in light of RFC, age, education, and work experience, the claimant can perform other work. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004); 20 C.F.R. § 404.1520.

The claimant has the burden of proving at Step 3 that an impairment meets or equals a listed impairment. *Barron v. Sullivan*, 924 F.2d 227, 229 (11th Cir.

3

1991).  "To 'meet' a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement."  *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002).  The ALJ must state with particularity the weight given the different medical opinions and the reasons therefor, and failure to do so is reversible error.  *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).  An ALJ may reject any medical opinion if the evidence supports a contrary finding.  *Id.* at 280.

Listing 12.05 "contains an introductory paragraph with the diagnostic description for mental retardation."  20 C.F.R. Pt. 404, Subpt. P, App. 1 at § 12.00(A).  The impairment must satisfy the diagnostic description in the introductory paragraph and any one of the four sets of criteria described in section 12.05 to meet the listing requirements.  *Id.*  Listing 12.05 defines mental retardation as "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested" before age 22.  *Id.* at 12.05.  "To be considered for disability benefits under section 12.05, a claimant must at least (1) have significantly subaverage general intellectual functioning; (2) have deficits in adaptive behavior; and (3) have manifested deficits in adaptive behavior before age 22."  *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).

Listing 12.05(C) requires "[a] valid verbal, performance, or full scale I.Q. of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. Pt. 404, Subpt. P, App. 1 at § 12.05(C). To meet 12.05(C), the applicant must have a severe impairment that significantly limits the applicant's "physical or mental ability to do basic work activities." *Id.* at § 12.00(A). "Generally, a claimant meets the criteria for presumptive disability under section 12.05(C) when the claimant presents a valid I.Q. score of 60 to 70 inclusive, and evidence of an additional mental or physical impairment that has more than 'minimal effect' on the claimant's ability to perform basic work activities." *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992).

Listing 12.05(D) requires "[a] valid verbal, performance, or full scale I.Q. of 60 through 70, resulting in at least two of the following: [1] Marked restriction of activities of daily living; [2] Marked difficulties in maintaining social functioning; [3] Marked difficulties in maintaining concentration, persistence, or pace; or [4] Repeated episodes of decompensation, each of extended duration." 20 C.F.R. Pt. 404, Subpt. P, App. 1 at § 12.05(D). "[A] valid I.Q. score need not be conclusive of mental retardation where the I.Q. score is inconsistent with other

5

evidence in the record on the claimant's daily activities and behavior." *Lowery*, 979 F.2d at 837.

Substantial evidence supports the ALJ's denial of disability benefits because Harris did not meet the requirements of Listing 12.05. He was never diagnosed with mental retardation, only borderline intellectual functioning. The ALJ found that Harris did well in special education classes and was able to hold several jobs, which did not indicate the type of deficit in adaptive functioning required for mental retardation. Harris could dress and bathe himself, take care of his personal needs, and manage money. Likewise, Harris could read, communicate effectively, and do simple math. Thus, substantial evidence supports the ALJ's finding Harris did not have the necessary deficits in adaptive functioning to meet Listing 12.05(C).

Furthermore, the ALJ did not err by rejecting the consultative psychologist's finding of severe impairment because the record evidence as a whole established Harris did not have deficits in adaptive functioning to meet Listing 12.05(D). The ALJ only found mild limitations on Harris' ability to perform the activities of daily living because Harris could drive, watch television, shop, and groom. Similarly, Harris only had mild limitations in social functioning. Harris also had mild limitations as to his concentration, persistence, and pace because he could respond

to questions, recall information without difficulty, and did not show signs of thought disorders. Last, the ALJ found no evidence of decompensation or deterioration in work settings.

For the foregoing reasons, we conclude substantial evidence supports the ALJ's decision to deny Harris' application for disability benefits, thus, the judgment of the district court is affirmed.

**AFFIRMED.**