[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16419
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 2, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00340-CV-J-34-TEM

LEEANN O'BIER,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 2, 2009)

Before TJOFLAT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Lee Ann O'Bier appeals the judgment of the district court affirming the

Commissioner's denial of her application for disability insurance benefits, 42 U.S.C. § 405(g). She argues that the Administrative Law Judge ("ALJ") erred by making a determination, at step two of the five-step analysis used to determine disability benefits, that her depression was not severe. O'Bier elaborates that the only impairments that fail at step two are impairments that are minimal or insignificant, and that her depression was significant, as evidenced by the fact that she was diagnosed with depression, and prescribed anti-depressant medication.

We conduct a limited review of an ALJ's decision "to determine if it is supported by substantial evidence and based on proper legal standards." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id.

An ALJ has a basic obligation to develop a full and fair record. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003). A full and fair record enables the reviewing court "to determine whether the ultimate decision on the merits is rational and supported by substantial evidence." Welch v. Bowen, 854 F.2d 436, 440 (11th Cir. 1988) (internal quotations and citations omitted). We reverse when the ALJ has failed to "provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted." Keeton v. Dep't of

2

Health and Human Services, 21 F.3d 1064, 1066 (11th Cir. 1994).

At the second step of the five-step analysis, the claimant bears the burden of proving that she has a severe impairment or combination of impairments. Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999). An impairment is not severe if it does not significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521(a); Crayton v. Callahan, 120 F.3d 1217, 1219 (11th Cir. 1997). "Basic work activities" include: physical functions such as walking, standing, sitting, lifting, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. § 404.1521(b). An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986). It is a threshold inquiry where only the most trivial impairments are rejected. Id. "The claimant's burden at step two is mild." Id.

If the ALJ fails to articulate reasons for rejecting a claimant's testimony, that testimony must be accepted as true. Foote v. Charter, 67 F.3d 1553, 1562 (11th

3

Cir. 1995). Likewise, a treating physician's testimony must be given substantial or considerable weight unless "good cause" is shown to the contrary. Crawford, 363 F.3d at 1159; see 20 C.F.R. § 404.1527(d)(2) (stating that, generally, more weight is given to opinions from treating sources). The ALJ must state with particularity the weight given the different medical opinions and the reasons therefor. Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987); MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). An ALJ does not need to give a treating physician's opinion considerable weight, however, if the claimant's own testimony regarding her daily activities contradicts that opinion. Phillips v. Barnhart, 357 F.3d 1232, 1241 (11th Cir. 2004).

Taken alone, the opinion of a non-examining physician does not constitute substantial evidence to support the Commissioner's decision. Swindle v. Sullivan, 914 F.2d 222, 226 n.3 (11th Cir. 1990); Sharfarz, 825 F.2d at 280. The ALJ may consider the reports and assessments of state agency physicians as expert opinions. 20 C.F.R. § 416.927(f)(2)(i). An ALJ may reject any medical opinion if the evidence supports a contrary finding. Sharfarz, 825 F.2d at 280.

The ALJ did not make an adverse credibility finding with regard to O'Bier's testimony about her depression. Therefore, we must accept that part of her testimony as true. O'Bier's testimony, combined with some of the medical

4

evidence in the record, contradicts the ALJ's finding that O'Bier's depression was not a severe impairment. Because the ALJ in this case did not provide sufficient elaboration with regard to how he made his findings about O'Bier's depression, we are unable to properly exercise our role as a reviewing court in evaluating O'Bier's claims. Accordingly, we vacate the district court's decision and remand it with the instruction that the court vacate the Commissioner's decision and remand the case for further development of the record.

VACATED and REMANDED.