[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 12, 2010
JOHN LEY
CLERK

No. 09-13775
Non-Argument Calendar

_____

D. C. Docket No. 07-00750-CV-FTM-34DNF

ANTONIO N. ADAMO,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 12, 2010)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Antonio N. Adamo appeals the Commissioner's denial of his application for

disability insurance benefits, 42 U.S.C. § 405. Adamo's application was based on chronic leg and lower-back pain caused by herniated disks in his lumbar spine. He raises three issues on appeal.[1] First, Adamo contends that the Administrative Law Judge (ALJ) improperly rejected the opinions of Dr. Miller, his treating pain specialist, and Dr. Buonanno, his consulting orthopedist. Second, Adamo argues that his past relevant work as owner/superintendent of a construction company included some tasks involving very heavy labor, so the ALJ erred in concluding that his past relevant work was best classified as a "construction superintendent" job involving only light exertion. Finally, he argues that the ALJ incorrectly found incredible his subjective complaints about the intensity, pervasiveness, and limiting effects of his symptoms.

## I.

Where the ALJ denies benefits and the Appeals Council denies review of that decision, we review the decision of the ALJ as the Commissioner's final decision. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). We do not reweigh evidence, decide facts anew, or make credibility findings. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Instead, we review the entire

---

[1] Adamo also raises a fourth issue pertaining solely to the ALJ's alternative finding regarding Adamo's ability to perform other, sedentary work. Because we affirm the ALJ's primary ruling, we decline to address this issue.

record to determine whether the decision was supported by substantial evidence. *Id.* Substantial evidence is more than a scintilla, *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997), but less than a preponderance, and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion," *Moore*, 405 F.3d at 1211. A disability insurance claimant must prove that he was disabled on or before the last date for which he was insured. *Id.*

II.

The ALJ must state with particularity the weight given different medical opinions. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987). The ALJ may reject any medical opinion if the evidence supports a contrary finding. *Id.* Nevertheless, a treating physician's opinion about the nature and severity of a claimant's impairment is generally given controlling weight if it is well supported and is not inconsistent with the other substantial evidence. 20 C.F.R. § 404.1527(d)(2). An opinion about whether the claimant is "disabled" or "unable to work," the claimant's residual functional capacity, or the application of vocational factors can never be given controlling weight, even if offered by a treating source, but must be taken into consideration. *See* § 404.1527(e)(1)-(2); *Caulder v. Bowen*, 791 F.2d 872, 878 (11th Cir. 1986).

The ALJ must show good cause for failing to accord considerable weight to

the treating physician's opinion, *Sharfarz*, 825 F.2d at 279-80, or for crediting the opinion of an examining consulting physician over that of a treating physician, *see Lewis*, 125 F.3d at 1440-41. This requires the ALJ to articulate clearly his specific reasons for according less weight to the treating physician's opinion. *Id.* at 1440. If a treating physician is unsure of the accuracy of his findings and statements, the ALJ is not obliged to defer to his report. *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991). An ALJ may show good cause for rejecting a treating physician's opinion when that opinion was, for example, conclusory, inconsistent with the physician's own records, or not bolstered by the evidence. *Lewis*, 125 F.3d at 1440.

In this case the ALJ did not reject the entirety of Dr. Miller's findings and testimony. Rather, he explicitly considered Dr. Miller's treatment notes, but declined to give controlling weight to his sworn oral statement. In particular, the ALJ noted that his statement regarding the start date of Adamo's treatment was ambiguous; his treatment notes, which repeatedly indicated that Adamo's pain was managed adequately by medication, conflicted with his statements about the limiting effects of Adamo's pain; he had been unable to say whether the pain would prevent Adamo from performing sedentary work or whether the impairment would require Adamo to lie down for substantial periods of time during the work

4

day; and he had been unclear about whether he had told Adamo that he recommended use of a cane. The ambiguities in the oral statement and its inconsistencies with the treatment notes constituted good cause for the ALJ to rely more heavily on the treatment notes while declining to give controlling weight to the oral statement.

As to Dr. Buonanno, Adamo did not consult with him until July 2006, approximately seven months after Adamo's date last insured. Although the doctor's findings were based in part on a September 2004 MRI, they also relied upon Adamo's own description of his symptoms and of the side effects of his pain medications, apparently as of the time of the examination. Dr. Buonanno's opinion that Adamo suffered from a total disability and his notes on the severity of Adamo's symptoms and side effects conflicted with both Dr. Miller's notes from late 2005 and the notes of a third doctor who examined Adamo days before his date last insured. Thus, substantial evidence supports the ALJ's decision to reject Dr. Buonanno's report in its entirety.

## III.

To support a finding that the claimant is able to return to his past relevant work, the ALJ must consider all the duties of that work and evaluate the claimant's ability to perform them in spite of his impairments. *Lucas v. Sullivan*, 918 F.2d

1567, 1574 n.3 (11th Cir. 1990). The claimant bears the burden of demonstrating that he cannot return to his past relevant work. *Id.* at 1571. If the ALJ finds that the claimant cannot perform the functional demands and duties of his past job as he actually performed it, he will consider whether the claimant can perform the functional demands and duties of the occupation as generally required by employers throughout the national economy. *See* Soc. Sec. Ruling 82-61, *available at* 1982 WL 31387.

The claimant's specific prior job might have involved functional demands and duties significantly in excess of those generally required for such work by employers in the national economy. *See* Ruling 82-61. Accordingly, the claimant must demonstrate an inability to return to his previous kind of work, not simply an inability to perform a specific prior job. *Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986) (discussing 20 C.F.R. §§ 404.1520(e), 416.920(e)); *see* Ruling 82-61.

Here, the vocational expert considered all of the record evidence before testifying that Adamo had worked as a "construction superintendent" and that such work involves light exertion. Adamo indicated that he had also performed various laborer tasks, but that he did so because he was also the owner of the business, not because those tasks generally are required in construction-superintendent jobs.

Thus, he did not meet his burden of demonstrating that he would be unable to return to the occupation of "construction superintendent" as it generally is performed in the national economy. Substantial evidence supports the ALJ's finding that Adamo's past relevant work involved light exertion.

IV.

When a claimant seeks to establish his disability through his testimony of pain or other symptoms, the ALJ must apply the "pain standard." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). The pain standard states that subjective testimony must be supported by two showings: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Id.*

If the record shows that the claimant has "a medically determinable impairment[] that could reasonably be expected to produce [his] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the] symptoms so that [he] can determine how [the] symptoms limit [the claimant's] capacity for work." 20 C.F.R. § 404.1529(c)(1). In making this evaluation, the ALJ considers all of the record evidence, including the objective medical evidence, the claimant's history, and statements by the claimant and his doctors. *See id.* The ALJ also

considers factors such as the claimant's daily activities, the effectiveness and side effects of his medications, precipitating and aggravating factors, and other treatments and measures taken to relieve the symptoms. § 404.1529(c)(3).

If the ALJ decides not to credit a claimant's subjective testimony about his pain, "he must articulate explicit and adequate reasons for doing so." *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995). Here, the ALJ found that Adamo had impairments that reasonably could have been expected to produce his alleged symptoms, but that his statements about the intensity, persistence, and limiting effects of those symptoms were not credible. In particular, he noted that Adamo's claim of debilitating side effects of the medication conflicted with Dr. Miller's note that he was experiencing no side effects, and that Dr. Miller found the pain to have been managed adequately by medication. He also correctly noted that one of Dr. Miller's treatment notes had identified driving as an aggravating factor, yet Adamo testified that the still drove short distances on occasion and that the only reason he refrained from driving long distances was because he worried that his medication would cause drowsiness. The ALJ's finding that Adamo was able to "assess[] and look[] at properties" for his various real estate investments is supported by Adamo's own testimony that he travels to Rhode Island "to see [his] family once in a while, and to look at different properties." Finally, Adamo had taken a four to

8

five day trip to Rhode Island by himself in the past year, despite his allegation that he was completely dependent upon his wife for help with daily activities.

The ALJ's decision indicates that he considered the relevant factors, *see* § 404.1529(c)(1), (3), and had explicit and adequate reasons for discrediting Adamo's testimony about the intensity and limiting nature of his symptoms, *see Foote*, 67 F.3d at 1561-62. The record as a whole contains substantial evidence supporting the ALJ's credibility determination. *See Moore*, 405 F.3d at 1211.

Upon careful review of the record and consideration of the parties' briefs, we affirm the Commissioner's decision to deny Adamo's application for benefits.

**AFFIRMED.**