[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11464
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 5, 2010
JOHN LEY
CLERK

D.C. Docket No. 3:08-cv-00987-HLA-MCR

MICHAEL R. KNIGHT,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,
COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 5, 2010)

Before EDMONDSON, BLACK and MARTIN, Circuit Judges.

PER CURIAM:

Michael R. Knight appeals the district court's order affirming the Social Security Administration's denial of his applications for disability insurance benefits and supplemental security income pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). Knight contends the Commissioner's decision is not supported by substantial evidence because the hypothetical question the Administrative Law Judge (ALJ) posed to a Vocational Expert (VE) failed to include all of his mental health impairments. Specifically, he claims the hypothetical question should have included additional limitations noted by two non-examining state agency consultants, Dr. Gary Buffone and Dr. Susan Conley. After review, we affirm the Commissioner's denial of benefits.[1]

The Social Security regulations establish a five-step sequential process for determining whether a claimant is disabled. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). Under the first two steps, the claimant must demonstrate that he has not engaged in substantial gainful activity and has a severe impairment or combination of impairments. *Id.* Under the third step, if the claimant can prove that his impairment meets or equals a listed impairment, he is automatically found

---

[1]We review the Commissioner's factual findings to determine whether they are supported by substantial evidence. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). Substantial evidence is defined as "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). In reviewing the Commissioner's decision, we do not "decide the facts anew, reweigh the evidence, or substitute [our own] judgment for that of the [Commissioner]." *Id.*

to be disabled.  *Id.*  Otherwise, the claimant must move to the fourth step and

prove that he does not have the residual functional capacity (RFC) to perform his

past relevant work.  *Id.*  If the claimant makes that showing, the burden shifts to

the Commissioner under the fifth step to demonstrate that the claimant can

perform other work available in the national economy.  *Id.*

One means in which the ALJ may determine whether the claimant is able to

perform other work in the national economy is by posing hypothetical questions to

a VE.  *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002).  "In order for a

vocational expert's testimony to constitute substantial evidence, the ALJ must

pose a hypothetical question which comprises all of the claimant's impairments."

*Id.*  The hypothetical question need not include claimed impairments that are not

supported by the medical evidence.  *Ingram*, 496 F.3d at 1270.

In this case, the ALJ's hypothetical question included all of the impairments

the ALJ found to be supported by the record.  More specifically, the ALJ asked the

VE to assume the hypothetical individual needed low-stress work involving

simple tasks and limited interaction with the public.[2]  Although Knight argues the

hypothetical question should have incorporated additional limitations noted by the

---

[2] The ALJ's hypothetical question to the VE accurately described claimant's mental limitations consistent with the ALJ's RFC finding and Dr. Knox's opinion.

state agency consultants, Drs. Buffone and Conley, the ALJ declined to accept the opinions of those nonexamining physicians. *See Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987) ("The opinions of nonexamining, reviewing physicians ... when contrary to those of the examining physicians, are entitled to little weight, and standing alone do not constitute substantial evidence."). The ALJ's decision not to incorporate these additional limitations is supported by substantial evidence.

First, there were certain inconsistencies between the state agency opinions and the findings of the examining doctor, Dr. Knox. For example, Dr. Buffone opined that Knight would have difficulty working in coordination with others, whereas Dr. Knox concluded Knight would have no major problems in that area. To the extent the opinions were inconsistent, it was appropriate for the ALJ to give more weight to the views of Dr. Knox, an examining consultant, over the views of two non-examining consultants. *See Sharfarz* at 280. Second, Dr. Knox's report was more recent than the assessments of Drs. Conley and Buffone, and, therefore, it was more reflective of Knight's current activities and limitations.

Because the ALJ gave sufficient reasons for rejecting the opinions of Drs. Conley and Buffone, he did not have to include their findings in his hypothetical question to the VE. Accordingly, we affirm.

**AFFIRMED.**

4