[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12549
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cv-02578-JDW-EAJ


ROBERT FLEMING,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 17, 2013)

Before PRYOR, MARTIN and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Robert Fleming appeals the district court's order affirming the Social Security Commissioner's ("the Commissioner") denial of Fleming's application for disability insurance benefits.  On appeal, Fleming argues that the administrative law judge's ("ALJ") decision was not supported by substantial evidence, in part because the ALJ improperly discounted the opinion of Fleming's treating physician, Dr. Steven Moss, gave improper weight to the residual functional capacity ("RFC") assessments completed by Kevin Cook and Dr. Murthy Ravipati, and did not sufficiently weigh all of the medical opinions in the record.  Fleming also argues that Dr. Robert Hauser's June 2009 diagnosis of dystonia was corroborated by contemporaneous evidence available before the date last insured, was entitled to deference, and the ALJ should have considered the diagnosis, both alone and in combination with his alleged other severe impairments.  Finally, Fleming contends that the hypothetical posed by the ALJ to the vocational expert was incomplete because it failed to include his cognitive limitations secondary to traumatic brain injury, such that the vocational expert's testimony did not constitute substantial evidence.

We review *de novo* the legal principles upon which the Commissioner bases its decision.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).  We review the Commissioner's findings "to determine if they are supported by substantial evidence."  *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218 (11th

2

Cir. 2001). Substantial evidence is a lower standard than the preponderance-of-the-evidence standard, as it requires only "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Moore*, 405 F.3d at 1211. Nevertheless, we should not act as "automatons," and, instead, we "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). Substantial evidence requires more than a scintilla of evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

A claimant for disability benefits must prove that he is disabled. *Moore*, 405 F.3d at 1211. A claimant is eligible for benefits if he demonstrates that he was disabled on or before the last date for which he was insured. *Id.* There is a five-step evaluation process to determine whether the claimant is disabled, which is as follows: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a Residual Functional Capacity ("RFC") assessment, whether the claimant can perform any of his past work, even with the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform in light of

the claimant's RFC, age, education, and work experience. *Winschel*, 631 F.3d at 1178.

The ALJ generally is required to give the medical opinions of treating physicians "substantial or considerable weight." *Id.* at 1179. Medical opinions include statements from physicians or other acceptable medical sources that reflect judgments about the nature and severity of the claimant's impairments, including the claimant's symptoms, diagnosis and prognosis, what the claimant can still do, even with the impairments, and the claimant's physical or mental restrictions. 20 C.F.R. § 404.1527(a)(2). Acceptable medical sources include, *inter alia*, licensed physicians. 20 C.F.R. § 404.1513(a)(1).

The opinions of treating physicians generally are given more weight than the opinions of non-treating physicians. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The opinions of non-examining, reviewing physicians, when contrary to the opinions of the examining physicians, are entitled to little weight, and, standing alone, they do not constitute substantial evidence. *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987). In *Sharfarz*, we determined that the ALJ had disregarded the relevant rules for weighing medical opinions because its conclusion was based solely on the opinions of two non-examining physicians. *Id.*

However, the ALJ need not give considerable weight to a treating physician's opinion where good cause exists not to do so. *Winschel*, 631 F.3d

at 1179. Good cause is present where the "(1) treating physician's opinion was not bolstered by the evidence, (2) evidence supported a contrary finding, or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* (internal quotation marks omitted). The ALJ must clearly articulate its reasoning for discounting the treating physician's opinion. *Id.*

In *Sharfarz*, we determined that there was not good cause to reject the treating physician's opinion because, in essence, the ALJ had isolated portions of the report without taking them in context. *Sharfarz*, 825 F.2d at 280. In *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004), we concluded that the ALJ's decision to discredit a claimant's treating physicians was supported by substantial evidence because the medical opinions were (1) not supported either by the doctors' own treatment notes or medical tests, (2) based primarily on subjective complaints of pain, and (3) contradicted by the claimant's repeated refusal to take medicine prescribed by the doctors. In *Lewis*, we determined that there was not good cause to discount the opinions of the treating physicians because (1) the ALJ's reason for discrediting one physician also applied to other doctors whose opinions the ALJ had credited, (2) a short treadmill exercise that the ALJ relied on as good cause was not necessarily indicative of the claimant's ability to work, (3) the claimant's participation in everyday activities was not inconsistent with the physician's proposed limitations, and (4) the reliability of the opinion credited by

the ALJ was suspect. *Lewis*, 125 F.3d at 1440-41. We also concluded that, when proper weight was given to the medical opinions of the treating physicians, there was no substantial evidence supporting the Commissioner's decision, and, instead, the evidence supported the conclusion that Lewis was disabled. *Id.* at 1441.

The ALJ is required to identify with particularity the weight given to the different medical opinions and the reasons for those determinations. *Winschel*, 631 F.3d at 1179. In *Winschel*, we remanded because the ALJ had failed to explain the weight it gave to the treating physician's medical opinion, in part because the ALJ had not discussed the pertinent elements of the medical opinion, and the ALJ's conclusions suggested that those elements were not considered. *Id.* Where the ALJ "has ignored or failed properly to refute a treating physician's testimony, we hold as a matter of law that [the ALJ] has accepted it as true." *MacGregor*, 786 F.2d at 1053.

Here, we conclude that even if the ALJ properly discredited Dr. Moss's RFC assessment, the ALJ still committed reversible error by failing to state with particularity the weight given to several of Fleming's treating physicians, including Dr. Hauser, Dr. Garcia DeSousa, and Dr. Nukesh Mehta, and it gave undue weight to both Cook's opinion and Dr. Ravipati's opinion. Accordingly, we vacate the district court's order and remand this case with directions that the district court remand the case to the ALJ to give proper weight to all of the medical opinions

presented at the administrative hearing.  We decline to address the remaining issues presented on appeal because of the impact the first issue could have on the others after a reassessment on remand.

**VACATED AND REMANDED.**