Benjamin SHARFARZ,
Plaintiff-Appellant,

v.

Otis R. BOWEN, Secretary of the Department of Health and Human Services, Defendant-Appellee.

No. 86–5269
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

July 31, 1987.

Lyle D. Lieberman, Miami, Fla., for plaintiff-appellant.

Leon B. Kellner, U.S. Atty., Wendy Jacobus, David O. Leiwant, Sonia Escobio O'Donnell, Asst. U.S. Attys., Miami, Fla., for defendant-appellee.

Before TJOFLAT, HATCHETT and CLARK, Circuit Judges.

PER CURIAM:

Appellant is a sixty-one-year-old claimant for Social Security disability insurance benefits. He suffers from generalized severe osteoarthritis of the spine, which produces considerable limitation of motion in multiple joints and is evidenced by marked deformity of extremities. Following an evidentiary hearing before an administrative law judge (ALJ), the ALJ found that despite appellant's severe arthritis, he could perform medium work and thus could return to his former occupation as a painter (which involved carrying up to forty

pounds and climbing ladders). The Appeals Council declined to review the ALJ's findings, which operated to deny appellant the requested benefits, and appellant instituted this proceeding in the district court. The district court entered judgment for the Secretary, concluding that the ALJ's findings were supported by substantial evidence. We disagree in part with this conclusion; accordingly, the case must be remanded to the Secretary for further consideration.

Our disagreement with the district court concerns the ALJ's rejection of the opinions of appellant's treating and examining physicians—that appellant is disabled to perform his former occupation—on the basis of the opinions of two reviewing physicians that appellant is able to perform such work.

The ALJ conducted the evidentiary hearing in this case on November 13, 1984. According to a medical report signed by Dr. Deborah Gutterman, appellant's treating physician, on April 3, 1984, appellant "suffers from generalized severe osteoarthritis with pain and limitation of motion in multiple joints" and when last seen by the doctor was "totally incapable of functioning in a manner necessary to sustain gainful employment." Appellant had demonstrated no improvement during the preceding six months, the period during which Gutterman saw him. He ambulated with a cane, his "manual dexterity [was] severely impaired," he was able to dress himself without using his fingers, and he could take care of his personal needs with minimal assistance from others. In rendering her opinion, Dr. Gutterman relied in part on a letter written by Dr. Reynold M. Stein, who had seen appellant between June 23 and August 27, 1982. In that letter, Dr. Stein stated that appellant was disabled and incapable of working, and that "his line of work and his generalized arthritis will inevitably" cause him to be bedridden and crippled. Dr. Stein further stated that he could not "consciously advise [appellant] to continue in his line of work. Standing stresses his back, sitting stiffens his joints, walking is alright to do. His occupation is

dangerous to his condition, which is irreversible and likely to worsen."

On April 16, 1984, Dr. I.E. Fixel performed an orthopedic examination, apparently at the Secretary's request. Fixel confirmed that appellant has degenerative arthritis, noting that he has extensive spurring of the vertebral margins and narrowing at L5–S1. On November 13, 1984, Dr. Fixel issued a physical capacities assessment, based on this orthopedic examination, and concluded that appellant could sit, walk, or stand for two hours of an eight-hour workday, could occasionally lift up to ten pounds, could not use his feet for repetitive movements, as in pushing and pulling of leg controls, on a sustained basis, and that if appellant returned to repetitive work activity allowing for a "sit-stand option," he would need "complete freedom to rest frequently without restriction" and, if necessary, to lie down frequently during the day.

The ALJ discounted the Gutterman, Stein, and Fixel opinions by relying on the physical capacity assessments of two reviewing physicians, Drs. Annie Thomas and Harold E. Register, neither of whom reexamined appellant. Dr. Register reported that appellant could sit and stand and/or walk six of eight hours per day and could lift and/or carry twenty-five pounds frequently with a maximum lifting capacity of fifty pounds. Dr. Thomas agreed.

Appellant contends that the ALJ's decision that he can perform medium work and thus could return to his former occupation is not supported by substantial evidence. His argument, based on the ALJ's evaluation of the medical evidence, is well made.

Under the Secretary's regulations, "[m]edium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. 404.-1567(c) (1986). In assessing the medical evidence in this case, the ALJ was required to state with particularity the weight he gave the different medical opinions and the reasons therefor. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir.1986). Further, he was required to accord considera-

ble weight to appellant's treating physician's opinion absent good cause for not doing so. *Broughton v. Heckler,* 776 F.2d 960, 961–62 (11th Cir.1985) (per curiam). The opinions of nonexamining, reviewing physicians, such as those of Drs. Thomas and Register, when contrary to those of the examining physicians, are entitled to little weight, and standing alone do not constitute substantial evidence. *See Spencer ex rel. Spencer v. Heckler,* 765 F.2d 1090, 1094 (11th Cir.1985) (per curiam). Of course, the ALJ may reject any medical opinion if the evidence supports a contrary finding. *Sryock v. Heckler,* 764 F.2d 834, 835 (11th Cir.1985) (per curiam).

■ The ALJ, here, disregarded these rules in assigning weight to the various medical opinions. The only opinions that indicated that appellant could meet the medium work requirements of 20 C.F.R. 404.-1567(c) (1986) were those of the nonexamining physicians, Drs. Thomas and Register. Their opinions were entitled to little weight, however, and could not serve as substantial evidence.

The ALJ apparently discounted Dr. Gutterman's opinion that appellant was "totally incapable" of substantial gainful employment because when she saw appellant on April 3, 1984 (the date of her medical report), he was "significantly better," his pain had decreased, a paraspinal muscle spasm had resolved, and she instructed him to use Motrin and to return to her office "only on a prn [as needed] basis." This explanation, however, could not serve as good cause for disregarding Dr. Gutterman's opinion.

Dr. Gutterman reported that appellant normally ambulated with difficulty, using a cane. Her statement that he was "significantly better" obviously referred to his condition on the preceding visit when "he was having an acute exacerbation of pain ... and was unable to ambulate except when assisted by another person." That appellant was "significantly better" on the succeeding visit did not provide the ALJ with a sound basis for disregarding Dr. Gutterman's opinion, made after six months of treatment, that appellant was "totally incapable of functioning in a man-

ner necessary to sustain gainful employment" because he "suffers from generalized severe osteoarthritis with pain and limitation of motion in multiple joints." Moreover, any basis Dr. Gutterman's April 3, 1984 statement may have provided the ALJ for discounting Dr. Gutterman's opinion on disability was seriously eroded by Dr. Fixel's opinion, issued seven months later, that appellant was still incapable of performing medium level work. Finally, we note that Dr. Gutterman did not advise appellant to discontinue his Motrin, but "to use it only on a prn [as needed] basis." At the evidentiary hearing, appellant testified that when the pain became severe he had resumed taking four Motrin a day, the dosage Dr. Gutterman originally prescribed, and Tylenol # 3. In sum, the ALJ failed to articulate good cause for discounting Dr. Gutterman's opinion.

The ALJ also improperly treated the opinion of Dr. Fixel. The ALJ concluded that Dr. Fixel's opinion (contained in his physical capacities assessment) was not supported by his medical findings. In *Walden v. Schweiker,* 672 F.2d 835, 839 (11th Cir.1982), we noted that arthritis is an affliction of such common occurrence that laboratory findings are unnecessary; the obvious manifestations of arthritis during a physical examination qualify as objective medical facts or clinical findings. Although most of Dr. Fixel's examination of appellant was normal, Fixel clearly noted that appellant had "extensive spurring of the vertebral margins with narrowing at L5–S1 (degenerative arthritis)." He also noted that appellant exhibited multiple complaints of pain, throughout his body, and that his forward bending ability was limited to sixty degrees out of a possible ninety degrees. In short, the ALJ erred in concluding that Dr. Fixel's opinion was not supported by his medical findings.

As we have observed, the only medical opinions that support the finding that appellant can do medium work are those of the nonexamining, nontreating physicians. The opinions of all of the treating and examining physicians support the contrary finding. The ALJ provided no cause for

not according those latter opinions substantial or considerable weight. Thus, his finding that appellant could return to his prior work was not supported by substantial evidence. The case must be remanded to enable the Secretary to reevaluate the medical evidence in accordance with the law.

Appellant contends that the ALJ applied an improper standard in evaluating his complaints of pain and, moreover, had no basis for concluding that his complaints of pain were incredible. The Secretary, responding, contends that the ALJ applied the proper standard and based his credibility finding on discrepancies between appellant's testimony, his demeanor, and other evidence. We find no error on this point. The Secretary did not ignore appellant's complaints of pain; rather, he considered them in accordance with the rules governing this pain issue and found them unworthy of belief, setting forth adequate reasons for his finding.

AFFIRMED in part; REVERSED in part; and REMANDED with instructions.