[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 28, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15647
Non-Argument Calendar
_____

D. C. Docket No. 06-00337-CV-J-TEM

SUSAN L. MILLER,

Plaintiff-Appellant,

versus

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 28, 2008)**

Before ANDERSON, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Susan L. Miller appeals a decision that affirmed the denial of her application

for supplemental security income from the Social Security Administration. 42 U.S.C. § 1383(c)(3). Miller argues that the administrative law judge failed to give adequate and specific reasons for rejecting the opinion of her treating physician, Dr. Miguel Dejuk, and Dr. Dejuk's opinion that Miller's mental impairments prevented her from working should have been given controlling weight. We affirm.

We review the decision by the Commissioner "to determine if it is supported by substantial evidence and based on proper legal standards." Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). Substantial evidence consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. at 1440. We review de novo the legal conclusions of the Commissioner. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). The claimant has the burden to prove that she is disabled and entitled to Social Security benefits. See 20 C.F.R. § 404.1512(a); Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001).

An administrative law judge must explain the weight he gives to different medical opinions. Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987). "[T]he testimony of a treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary." Crawford v. Commissioner, 363

2

F.3d 1155, 1159 (11th Cir. 2004) (quoting Lewis, 125 F.3d at 1440) (internal quotation marks omitted).  Good cause exists where the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, the physician's opinion is conclusory, or the opinion is inconsistent with the physician's own medical records.  Lewis, 125 F.3d at 1440.

Substantial evidence supports the decision not to credit the opinion of Dr. Dejuk.  His opinion was not supported by objective medical evidence.  See Crawford, 363 F.3d at 1159.  Dr. Dejuk, who practiced internal medicine, prepared a letter and residual functional capacity assessment in which he asserted that Miller could not work or conduct daily living activities due to her depression, bipolar disorder, schizo-affective personality, suicidal tendencies, and medications.  He did not test Miller or consult with specialists to reach his conclusions about Miller's mental health and his treatment notes documented only Miller's physical limitations.

Dr. Dejuk's conclusions were discredited by his own inconsistent statements, testimony from Miller, and the opinions provided by mental health specialists.  One month before Dr. Dejuk prepared the letter and assessment, he had filed a form with the Florida Department of Health stating that Miller suffered from only anxiety and panic attacks, she was not suicidal, her medications

3

controlled her mental conditions, and she performed routine household activities on a daily basis. Miller testified that she followed a daily schedule to prepare lunch for her husband and son, transport her children, and complete two hours of household chores. Mental health specialists concluded that Miller's condition imposed only mild to moderate limitations on her ability to work.

The administrative law judge had good cause to discount the opinion of Dr. Dejuk. The opinion of specialists and Miller's own statements about her physical and mental capabilities established that Miller had sufficient residual functional capacity to perform a range of light work. See 20 C.F.R. §§ 416.927(d)(2)(ii), (d)(5) (crediting the opinion of a specialist). The findings by the administrative law judge are supported by substantial evidence.

The denial of Miller's application for benefits is **AFFIRMED**.

4