[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 11, 2008
THOMAS K. KAHN
CLERK

No. 07-15986
Non-Argument Calendar

_____

D. C. Docket No. 06-00171-CV-1-MMP-AK

FRANCES LORETTA WARD,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(July 11, 2008)**

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Frances Loretta Ward appeals from the district court's order affirming the administrative law judge's (ALJ) denial of her application for supplemental security income (SSI). On appeal, Ward contends the ALJ's determination that her depression was not a severe impairment was not supported by substantial evidence. Ward also claims the ALJ improperly discounted the medical opinions of Dr. Pino, a treating physician.

## I.

In Social Security appeals, we review *de novo* the legal principles upon which the ALJ's decision is based. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). However, the ultimate decision is reviewed only to determine whether it was supported by substantial evidence. *Id.* "Substantial evidence is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.*

## II.

In a Social Security case, the claimant bears the burden of proving she has a severe impairment or combination of impairments. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). This is a threshold inquiry where only the most trivial impairments are rejected. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). The claimant's burden of showing a severe impairment is mild. *Id.* An

2

impairment is severe if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521(a). "Basic work activities" involve the "abilities and aptitudes necessary to do most jobs" and include the mental functions of understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. § 404.1521(b). "An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *McDaniel*, 800 F.2d at 1031.

Before the ALJ was substantial evidence of Ward's regular activities. Ward testified she cared for herself and her three pets, maintained her hygiene, went grocery shopping, did laundry and the dishes, and interacted with friends and relatives. In addition, during interviews with Dr. Mhatre and Dr. Amiel in 2000, Ward indicated she taught master gardener classes, led a Bible study group, and became an ordained minister. According to a 2001 medical progress note, Ward had begun attending classes for up to six hours a week as part of her training to become a phone counselor for a crisis center. These undertakings are evidence of Ward's ability to perform basic work activities. Moreover, Dr. Mhatre's report

labeled Ward's ability to do most work-related activities as "excellent" (Ward's abilities to travel in unfamiliar places and use public transportation were rated as only "fair"). This assessment mirrors the determinations of two state agency psychologists, Dr. Bates and Dr. Wise, who concluded Ward's mental impairment was not severe. The evaluations of these three physicians, coupled with the evidence of Ward's regular activities, provided substantial evidence upon which the ALJ was entitled to find Ward's depression was not a severe impairment.

**III.**

In assessing the medical evidence in a Social Security case, the ALJ is "required to state with particularity the weight [s]he gave the different medical opinions and the reasons therefor." *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987). An ALJ may reject any medical opinion if the evidence supports a contrary finding. *Id.* at 280. A treating physician's testimony must be given substantial or considerable weight unless good cause not to do so is shown. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004). "This Court has concluded 'good cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir.

4

2004). An ALJ need not give a treating physician's opinion considerable weight if the claimant's own testimony regarding her daily activities contradicts that opinion. *Id.* at 1241.

Dr. Pino treated Ward on numerous occasions up until April 1998. In his report following Ward's final treatment, Dr. Pino described Ward as having a virtual lack of functioning and gave her a Global Assessment of Functioning (GAF) score of 41, which indicates Ward had "serious symptoms OR any serious impairment in social, occupational, or school functioning." This report was identical to the reports prepared by Dr. Pino at the conclusion of each of Ward's prior treatments, which had begun some seven months earlier. In August 2000, Dr. Pino conducted a Social Security assessment of Ward's ability to do work-related activities. In this report, Dr. Pino labeled as "poor" Ward's ability to perform activities within a schedule, maintain regular attendance, sustain an ordinary routine without special supervision, work with or near others without being distracted by them, complete a normal workday or workweek, and perform at a consistent pace.

The ALJ articulated legitimate reasons for giving less weight to Dr. Pino's medical opinions, and its decision to discount the opinions is supported by substantial evidence. The ALJ correctly noted Dr. Pino's statements following his

final treatment of Ward in 1998 were supported by only Ward's subjective complaints, not diagnostic analysis or testing. This supports the ALJ's determination that Dr. Pino's statements were entitled to less weight. Similarly, the ALJ did not err in affording less weight to Dr. Pino's 2000 assessment, based on her finding that the assessment was not supported by current medical evidence, since it was conducted more than two years after Dr. Pino last treated Ward. Further supporting the ALJ's decision to discount Dr. Pino's medical opinions is the fact that Ward's own testimony and the record evidence show Ward was less impaired than the opinions might otherwise indicate. As discussed above, the ALJ was presented with evidence of Ward's caring for herself and pets, maintaining her hygiene, teaching master gardening classes, leading a bible study, becoming an ordained minister, and attending classes each week as part of training to become a phone counselor. This evidence of Ward's activities and the shortcomings in Dr. Pino's opinions provided substantial evidence to support the ALJ's decision to place less than controlling weight behind Dr. Pino's medical reports.[1]

---

[1]The ALJ also afforded Dr. Amiel's medical opinion less weight because it was supported solely by Ward's subjective complaints. This was not error. Even if it were, the error would be harmless. Dr. Amiel's report does not support the conclusion that Ward's depression was a severe impairment. Dr. Amiel gave Ward a GAF score of 60, which indicates only "moderate symptoms OR any moderate difficulty in social, occupational, or school functioning."

**IV.**

Based on a thorough review of the administrative and district court records, upon consideration of the briefs of the parties, and for the reasons stated above, we discern no error in the ALJ's determination. Therefore, we affirm.

**AFFIRMED**.