[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12342
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 1, 2010
JOHN LEY
CLERK

D.C. Docket No. 5:08-cv-00417-GRJ

NANCY MAFFIA,

                                                          Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

                                                          Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 1, 2010)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Nancy Maffia appeals the magistrate judge's order affirming the

Commissioner's denial of her application for disability insurance benefits, 42

U.S.C. § 405(g), and Supplemental Security Income benefits, 42 U.S.C. § 1383(c)(3).[1] After review, we affirm.[2]

## I. FACTUAL BACKGROUND

Maffia applied for benefits due to bulging discs in her neck and back, carpal tunnel syndrome in her hands, right foot pain and chronic cysts and abscesses. Maffia's medical records also indicate that she was diagnosed with, and treated for, bipolar disorder.

Maffia and a vocational expert ("VE") testified at a hearing before an Administrative Law Judge ("ALJ"). Afterward, the ALJ denied Maffia's application, finding that although Maffia could not do her past relevant work, she could perform a full range of sedentary work and, based on the VE's testimony, there were sedentary jobs in the economy Maffia could perform. The Appeals Council denied review of the ALJ's decision, making it the final decision of the Commissioner. See Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001).

## II. DISCUSSION

---

[1]The parties consented to proceeding before a magistrate judge.

[2]We review de novo the legal principles underlying the Commissioner's final decision, but review "the resulting decision only to determine whether it is supported by substantial evidence." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). "Substantial evidence is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id.

2

## A. General Principles

In considering whether a claimant can perform her past relevant work or can perform other work in the economy, the ALJ must determine a claimant's residual functional capacity ("RFC") by considering all relevant medical and other evidence.[3] See Phillips Barnhart, 357 F.3d 1232, 1238-39 (11th Cir. 2004); see also 20 C.F.R. § 404.1520(e). In assessing RFC, the ALJ must state with particularity the weight given different medical opinions and the reasons for doing so. Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987). The ALJ also must consider any findings of a state agency medical or psychological consultant, who is considered an expert, and must assign weight and give explanations for assigning weight the same way as any other medical source. See 20 C.F.R. §§ 404.1527(f)(2), 416.927(f)(2);[4] SSR 96-6p, 1996 WL 374180 (Jul. 2, 1996) (stating that the ALJ must treat findings of fact by a state agency psychological consultant as expert opinion evidence of a non-examining source, and the ALJ cannot ignore this evidence).

---

[3]Residual functional capacity is the most a claimant can do despite any physical or mental limitations caused by the impairment and its related symptoms. See 20 C.F.R. §§ 404.1545(a), 416.945(a).

[4]The social security regulations, including 20 C.F.R. §§ 404.1527(f)(2) and 416.927(f)(2) were recently amended, effective November 12, 2010. These amendments have no effect on our analysis.

**B.** **Maffia's Claim**

On appeal, Maffia argues that the ALJ failed to consider and properly reject the opinion of the state agency's consulting psychologist, Dr. Michael Zelenka. Dr. Zelenka completed a Psychiatric Review Technique Form ("PRTF") indicating that Maffia had: (1) mild restrictions of activities of daily living and maintaining social functioning; and (2) moderate difficulties in maintaining concentration, persistence and pace.

Dr. Zelenka also completed a Mental RFC Assessment, which evaluates a claimant's degree of limitation for twenty mental activities. For eighteen activities, including, inter alia, understanding, remembering and carrying out short, simple instructions; sustaining an ordinary routine without special supervision; and making simple work-related decisions, Dr. Zelenka either indicated there was no evidence of limitation at all or rated Maffia as not significantly limited. For the remaining two activities – the ability (1) to maintain attention and concentration for extended periods, and (2) to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods – Dr. Zelenka rated Maffia as moderately limited. In summing up, Dr. Zelenka explained that "given some allowances for occasional

4

prob[lem]s with att[entio]n and conc[entration] and for occasional psychol[ogical]

prob[lem]s affecting productivity, [Maffia] retains adequate mental ability to carry

out instr[uctions] and to relate adequately to others in a routine work setting."

Contrary to Maffia's argument, the ALJ properly considered and in fact

relied upon Dr. Zelenka's opinion in determining Maffia's ability to work.

Specifically, after concluding that Maffia's impairments limited her to sedentary

work, the ALJ stated:

> A state agency psychologist also had the opportunity to review the medical evidence and opined that the claimant had mild restrictions of activities of daily living, mild limitations in social functioning and moderate deficiencies in concentration, persistence and pace. There was no evidence of episodes of decompensation. Specifically, the claimant was capable of understanding, remembering, carrying out and performing simple routine instructions and tasks. She would have moderate limitations in her ability to maintain attention and concentration for extended periods. There was no evidence of limitations with coworkers or supervisors.

The ALJ "agree[d] with the state agency" that Maffia had only mild restrictions in

activities of daily living and in social function and some moderate limitations on

her concentration, persistence and pace. Finally, citing Social Security Ruling 96-

6p, the ALJ "agree[d] with the state agency that [Maffia] could perform,

understand and carry out simple and repetitive instructions and tasks on a

sustained basis." Although the ALJ did not refer to Dr. Zelenka by name, the ALJ

5

summarized the findings contained in Dr. Zelenka's PRTF and Mental RFC Assessment and relied on Dr. Zelenka's findings in determining Maffia's residual functional capacity.

Maffia also argues that the ALJ failed to include Dr. Zelenka's two moderate limitations in the hypothetical posed to the VE. This claim is also belied by the record. After posing a series of hypothetical questions encompassing Maffia's physical limitations, the ALJ added, "Let me further give you some additional limitations that the individual I'm describing can only understand, remember and carry out simple instructions, and perform simple, routine tasks." The VE testified that, although such an individual would not be able to perform Maffia's past work, there was work in the economy she would be able to perform, such as counter attendant or office helper.

When the ALJ limited the hypothetical to sedentary work, the VE identified positions such as surveillance system monitor, addresser or charge account clerk. The ALJ then asked, "[I]f I take that individual I described in the last hypothetical and added that the individual could also only understand, remember and carryout [sic] simple instructions would that individual be able to do those jobs you described?" The VE responded affirmatively.

In sum, the ALJ properly considered and relied upon Dr. Zelenka's medical

opinion in assessing Maffia's RFC and included Dr. Zelenka's mental limitations in the hypothetical questions posed to the VE.  Accordingly, the ALJ's decision to deny benefits is based upon the proper legal principles and is supported by substantial evidence.

**AFFIRMED.**