[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12384
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cv-01030-JRK

CARL EVANS,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 6, 2014)

Before MARTIN, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Carl Evans appeals a magistrate judge's order affirming the Commissioner's denial of Evans's applications for disability insurance and Supplemental Security Income ("SSI") benefits.  Evans suffered a back injury sometime around June 7, 2007, which led to a diagnosis of degenerative disc disease and depressive disorder.

Dr. Bienvenido Samera, Evans's treating physician, conducted numerous physical examinations in 2009 and 2010.  In those examinations, Samera evaluated the severity of Evans's mental impairments as being between two to six out of a possible ten and never assessed his risk level as greater than moderate. Nevertheless, Samera opined that Evans was not capable of being employed in light of his physical and mental impairments.  In a mental residual functional capacity ("RFC") assessment, Samera determined that Evans had eight marked limitations and two extreme limitations.  Evans mental impairments were evaluated by Dr. Raymond P. Schoenrock, Dr. J. Patrick Peterson, and Dr. Jill Rowan, who all concluded that his mental impairments were not sufficiently severe to prevent him from working.

The Administrative Law Judge ("ALJ") determined that Evans had a severe combination of impairments, but that they did not meet or equal a Listing in the Social Security regulations.  The ALJ posed a hypothetical question to a vocational expert ("VE") about an individual with the following characteristics: (1) was 49

2

years old with Evans's education and work history; (2) could sit up to 7 out of 8 hours per day with hourly breaks; (3) could stand or walk for up to 2 out of 8 hours per day in 15-minute increments; (3) could occasionally lift up to 10 pounds, and frequently lift up to 5 pounds; (4) could occasionally bend, stoop, walk up stairs, and reach above shoulder level; (5) could not crawl, climb, crouch, kneel, work on unprotected heights, work on moving or hazardous machinery, drive, or use foot controls; (6) could only perform simple, unskilled, repetitive work; (7) could only be exposed to low to moderate stress; and (8) needed to primarily work alone, with little interaction with others.  The VE identified several positions that such an individual could perform.  Evans then proposed a hypothetical that added a marked limitation in the ability to concentrate, and the VE stated that such a person could not perform any job.  The ALJ subsequently explained that he was discrediting Samera's opinion and specifically concluded that Evans only suffered from a moderate limitation in the ability to concentrate.

On appeal, Evans argues that the ALJ improperly rejected Samera's opinion. He asserts that ALJs are not entitled to discredit medical opinions at their own discretion because they do not have the proper medical background to evaluate the evidence.  He emphasizes that Samera was his treating physician, and the mental RFC assessment Samera conducted was consistent with Schoenrock's evaluation.

3

The ALJ's decision was arbitrary and capricious and violated the rule that the ALJ should afford great weight to the opinions of treating physicians.

Evans also argues that the ALJ erred by ignoring the VE's response to his hypothetical, which relied on Samera's RFC analysis, that an individual with his characteristics could not work. The VE's conclusion that relied on Samera's RFC analysis established that Evans was disabled beginning on June 7, 2007.

I.

If the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's "final decision." *Sims v. Apfel*, 530 U.S. 103, 106-07, 120 S.Ct. 2080, 2083 (2000). We review *de* novo the magistrate's determination of whether substantial evidence supports the Commissioner's final decision. *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). We review the Commissioner's factual findings with deference and legal conclusions with close scrutiny. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007). "[W]e review *de novo* the legal principles upon which the Commissioner's decision is based." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). "[W]e review the resulting decision only to determine whether it is supported by substantial evidence." *Id.*

Substantial evidence is less than a preponderance, but enough that a reasonable person would accept it as adequate to support the ultimate conclusion.

*Id.* Under this standard, we will not reweigh the evidence, make credibility determinations, or substitute our judgment for that of the Commissioner. *Id.* Even if the evidence preponderates against the Commissioner's decision, we must affirm the decision so long as it is supported by substantial evidence. *Crawford v. Comm'r of Social Security*, 363 F.3d 1155, 1158-59 (11th Cir. 2004).

The Social Security Disability Insurance program provides for benefits under Title II of the Social Security Act to persons who have contributed to the program and who are determined to be "disabled" due to a physical and/or mental impairment. 42 U.S.C. § 401 *et seq.* The SSI program extends benefits under Title XVI of the Social Security Act to indigent disabled persons. 42 U.S.C. § 1381 *et seq.* The claimant bears the burden of proving his disability. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

In order to determine whether a claimant is disabled, the Social Security Administration applies a five-step sequential evaluation. 20 C.F.R. § 404.1520(a). This process includes an analysis of whether the claimant: (1) is unable to engage in substantial gainful activity; (2) has a severe medically determinable physical or mental impairment; (3) has such an impairment that meets or equals a Listing and meets the duration requirements; (4) can perform his past relevant work, in light of his residual functional capacity; and (5) can make an adjustment to other work, in

5

light of his residual functional capacity, age, education, and work experience.  20 C.F.R. § 404.1520(a)(4).

Absent good cause, an ALJ is to give the medical opinions of treating physicians substantial or considerable weight.  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *see* 20 C.F.R. §§ 404.1527(d)(1)-(2), 416.927(d)(1)-(2).  Good cause exists when: (1) the opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the opinion was conclusory or inconsistent with the doctor's own medical records.  *Lewis*, 125 F.3d at 1440.  An ALJ may disregard a treating physician's opinion for good cause, but he must clearly articulate the reasons for doing so.  *Id*.  Moreover, the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).

We conclude from the record that substantial evidence supports the ALJ's discrediting of Samera's medical opinion.  First, Samera's opinion that Evans suffered from multiple marked and extreme mental limitations was not supported by his own medical findings regarding the severity and risk levels of Evans's mental impairments.  *See Lewis*, 125 F.3d at 1440.  Second, Samera's opinion was inconsistent with the opinions of three other physicians that concluded that Evans's mental impairments were not severe.  *See id.*  Finally, Samera's opinion was contradicted by Evans's self-reported daily activities, which included various

6

household chores, light yard work, driving, shopping, visiting with friends and family, and playing chess daily. *See id.* Because the evidence was inconsistent with Samera's opinion, the ALJ clearly and specifically articulated his reasons for affording less weight to Samera's opinion and stated that he was affording great weight to Schoenrock's opinion. Accordingly, we conclude that substantial evidence supports the ALJ's rejection of Samera's opinion.

## II.

As to the fifth prong of the determination of a disability, the Commissioner bears the burden of showing that, in light of the claimant's RFC and other factors, a significant number of jobs that the claimant can perform exist in the national economy. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011); 20 C.F.R. § 404.1520(a)(4)(v). If such jobs exist, then the claimant is not disabled. *See* 20 C.F.R. § 404.1520(a)(4)(v). An ALJ may make this determination by posing hypothetical questions to a VE. *See Winschel*, 631 F.3d at 1180. An ALJ may rely solely on the testimony of a VE in making this determination. *Jones v. Apfel*, 190 F.3d 1224, 1230 (11th Cir. 1999). For the testimony of a VE to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.* at 1229.

As discussed above, the ALJ had good cause to assign less weight to Samera's opinion. Based on his finding that Evans only had a moderate limitation

7

in the ability to concentrate, the posed hypothetical adequately comprised all of

Evans's impairments.  *See id.*  The hypothetical was consistent with the medical

evidence and opinions of the majority of the physicians.  Thus, the record supports

the hypothetical that the ALJ relied upon, and the Appeals Council did not err in

ignoring the VE's response to Evans's proposed hypothetical.  Accordingly, we

affirm the magistrate judge's order affirming the Commissioner's denial of

Evans's application for disability insurance and SSI benefits.

**AFFIRMED.**