[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15285
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cv-01334-AEP

KIMBERLEE K. LEWEN,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 4, 2015)

Before JORDAN, JILL PRYOR, and COX, Circuit Judges.

PER CURIAM:

Kimberlee Lewen challenges on this appeal the magistrate judge's order affirming the Social Security Administration's denial of her application for supplemental security income, 42 U.S.C. §§ 405(g), 1383(c).[1]  In denying her application, the Administrative Law Judge ("ALJ") found that Lewen had the residual functional capacity to perform sedentary work with several physical, environmental, and psychological limitations.  Regarding psychological limitations, the ALJ found that Lewen was limited to "tasks and instructions that are simple and consistent with unskilled work," occasional interaction with the public, and "routine and occasional interaction with supervisors."  Based partly on this determination of Lewen's residual functional capacity, the ALJ then concluded that Lewen was not disabled because there were a significant number of jobs in the national economy that she could perform.

On appeal, Lewen contends that the ALJ erred in failing to properly evaluate various medical opinions when determining Lewen's residual functional capacity.

In a Social Security appeal, we review de novo the legal principles upon which the ALJ's decision is based.  *See Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).  We review the resulting decision only to determine whether substantial evidence supports it.  *Id.*   Substantial evidence is less than a preponderance, but rather such relevant evidence that a reasonable person would

---

[1] The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c).

accept as sufficient to support a conclusion. *Id.* This limited review precludes our deciding the facts anew, making credibility determinations, or reweighing the evidence. *Id.* The claimant bears the burden of proving a qualifying disability. *Id.*

In determining whether a claimant is disabled, the ALJ considers medical opinions together with the rest of the relevant evidence. 20 C.F.R. § 404.1527(b). Medical opinions are statements from physicians and psychologists that reflect judgments about the nature and severity of the claimant's impairments, including (1) what the claimant "can still do despite impairments," and (2) her "mental restrictions." *Id.* § 404.1527(a)(2).

While the ALJ's explanation of the decision must sufficiently explain the weight given to "obviously probative exhibits," *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981), it need not discuss every piece of evidence. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). "In all events, there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [her] decision," so long as the decision enables the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole. *Id.* In assessing medical evidence, an ALJ is required to state with particularity the weight given to the different medical opinions and the reasons therefor. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).

Lewen's contention, that the ALJ did not properly consider the medical opinions, lacks merit. The mental limitations imposed in the ALJ's determination of Lewen's residual functional capacity were consistent with the medical opinions, even the portions that the ALJ did not specifically quote in her order. The ALJ limited Lewen to simple tasks and instructions, occasional interaction with the public, and occasional routine interaction with supervisors. Lewen was further limited to tasks and instructions that were "consistent with unskilled work." There is no indication that these limitations do not account for the doctors' opinions in their entireties. Rather, any need to limit Lewen's ability to concentrate, deal with stress, or maintain a regular schedule on the job—opinions that Lewen argues are omitted from the ALJ's decision—is accounted for by the ALJ limiting her to simple tasks and unskilled work with little interaction with the public and supervisors. Moreover, there is no indication that the doctors, by opining that Lewen might have difficulties dealing with stress, concentrating, or maintaining a schedule, meant that these limitations would limit her ability to work a full work day/week. These doctors opined that, despite these limitations, she could perform simple routine tasks. Finally, while the ALJ is required to state the weight afforded to each medical opinion, *Sharfarz*, 825 F.2d at 279, the ALJ is not required to discuss every piece of evidence. *See Dyer*, 395 F.3d at 1211.

Accordingly, we affirm.

AFFIRMED.