[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14668
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cv-00108-CAR-MSH


MARYANN BROTHERS,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(April 26, 2016)

Before TJOFLAT, WILLIAM PRYOR and JILL PRYOR, Circuit Judges.

PER CURIAM:

Maryann Brothers appeals the judgment that affirmed the denial of her application for disability insurance benefits and supplemental security income from the Social Security Administration. 41 U.S.C. §§ 405(g), 1383(c)(3). Brothers argues that the administrative law judge failed to account for her limitations in timely completing tasks and responding appropriately to supervisors in the hypothetical question posed to the vocational expert and in the assessment of Brothers's residual functional capacity. We affirm.

The administrative law judge accounted for Brothers's limitations. The administrative law judge gave "great weight" to the findings of Dr. David S. Bailey, a psychologist, that Brothers could understand and complete basic instructions and had extreme limitations in interacting with the public, coworkers, and supervisors. And the administrative law judge gave great weight to the findings of Dr. Clifford Guarnaccia, a state psychologist, that Brothers had "some limitation in understanding and remembering detailed instructions, [yet could] sustain attention for two-hour periods" to "complete tasks" with occasional reminders by a supervisor with whom Brothers might "develop interpersonal problems" but could "maintain basic social interactions." *See Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987). Based on this evidence, the administrative law judge found that Brothers could "work only where no production rate or pace is

2

required[,] can perform only simple routine tasks, and can work where only occasional interaction with the public and co-workers is required."

The administrative law judge also included those limitations in the hypothetical question posed to the vocational expert. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011). The administrative law judge was not required to refer to supervisors when the residual functional capacity assessment and the hypothetical question included a restriction on Brothers's social interaction in the workplace. And the administrative law judge was not required to "specifically refer to every piece of evidence . . . [when his] decision [reveals]. . . that [he] considered [Brothers's] medical condition as a whole." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).

We **AFFIRM** the judgment in favor of the Commissioner.

3