[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15252
Non-Argument Calendar

_____

D.C. Docket No. 4:14-cv-01298-JHE


DENNIS WILLIAMS, JR.,

                                                Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

                                                Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 27, 2016)

Before TJOFLAT, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

    Dennis Williams appeals the district court's order affirming the final

decision of the Commissioner of the Social Security Administration denying his

application for supplemental security income benefits.  Williams alleges that he is disabled due to back problems, numbness in his extremities, and depression.  The administrative law judge ("ALJ") determined that Williams was not disabled during the period between November 30, 2010, and August 21, 2012.  Williams makes three arguments on appeal.  He first argues that the ALJ improperly rejected the opinions of two consultative doctors and substituted his own opinion for theirs.  Williams also argues that the ALJ erred in determining that his depression was not severe and in failing to include limitations due to depression in his residual functional capacity ("RFC") assessment.  Williams finally argues that the ALJ's denial of disability was not supported by substantial evidence due to the errors alleged in his first two arguments.

I.

Williams first argues that the ALJ improperly rejected the consultative opinions of Dr. David Wilson and Dr. Sathyan Iyer without good cause or valid explanation.  He alleges that the ALJ improperly substituted his own opinion for the opinions of Dr. Wilson and Dr. Iyer.

We review de novo the legal principles on which the ALJ's opinion is based, and we review the resulting decision to determine whether it is supported by substantial evidence in the record.  Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam).  "Substantial evidence is . . . such relevant evidence as a

reasonable person would accept as adequate to support a conclusion." Id. The person seeking social security benefits bears the burden of proving that he is disabled. Id.

In reviewing the medical evidence in a claimant's case, the ALJ is required to "state with particularity the weight he gave the different medical opinions" and his reasons for assigning that specific weight. Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987) (per curiam). "[T]he ALJ may reject any medical opinion if the evidence supports a contrary finding." Id. at 280.

The ALJ did not err in according "[s]ome weight" to Dr. Iyer's opinion. The specific medical problems noted in Dr. Iyer's opinion are not inconsistent with the ALJ's RFC assessment of Williams's physical limitations. The Iyer opinion also indicated that Williams could have some nonspecific impairment of various functions, which is not inconsistent with the ALJ's inclusion of some limitations in those areas of Williams's RFC assessment.

Substantial evidence also supports the ALJ's decision to give no weight to Dr. Wilson's opinion. Dr. Wilson's opinion was based on a one-time evaluation and not a longitudinal history of treatment for depression. This evaluation was also inconsistent with the other medical evidence, including notes from Williams's treating physician (to which the ALJ accorded "great weight given the nature and

3

extent of his treating relationship") that indicate he only sporadically complained of depression and was not on a long-term treatment plan for depression.

## II.

Williams next argues that the ALJ erred in determining that his depression was not severe because the ALJ failed to acknowledge that impairments must be slight in order to be considered nonsevere. He also asserts that the ALJ erred in failing to include limitations due to the effects of his depression in his RFC assessment.

In evaluating disability claims, the ALJ uses a five-step, sequential evaluation process to determine whether a claimant is disabled. Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011). The second step of this process requires the ALJ to determine "whether the claimant has a severe impairment or combination of impairments." Id. At this step, an impairment is not considered severe "only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986).

The ALJ did not err in his decision about the severity of Williams's depression or in the limitations included in the RFC assessment. The only evidence supporting Williams's claim that his depression qualified as a severe

impairment was Dr. Wilson's report.  The ALJ was free to reject this report because it was not consistent with rest of the medical evidence, including the treatment notes by Williams's treating physician.  Further, the ALJ took into account Williams's medically determinable mental impairment in establishing limitations in the RFC assessment, and found that Williams had only "mild" limitations based on this impairment.

## III.

Finally, Williams's argues that the ALJ's decision was not supported by substantial evidence because of the errors discussed in his first two arguments on appeal.  Because our examination of these two arguments revealed no error, Williams's argument about substantial evidence must also fail.  We affirm the decision of the Commissioner of the Social Security Administration denying Williams's application for supplemental security income benefits.

**AFFIRMED.**