[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14648
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cv-00130-JCF

LISA CAIN,

                                                            Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 18, 2019)

Before MARCUS, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Lisa Cain appeals the district court's order affirming the Commissioner's denial of her applications for disability insurance benefits and supplemental security income.  Cain argues that the Administrative Law Judge ("ALJ") failed to show "good cause" for giving little weight to her treating physician's medical opinions.[1]  Upon careful review of the parties' briefs and the record, we agree.

An individual claiming Social Security disability benefits must prove that she is disabled.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam).[2]  An ALJ uses a five-step, sequential evaluation process to determine whether a claimant is disabled.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  This process includes an analysis of whether the claimant: (1) is unable to engage in substantial gainful activity; (2) has a severe and medically-determinable impairment; (3) has an impairment, or combination thereof, that meets or equals the severity of the specified impairments in the Social Security Regulations Listing of Impairments; (4) can perform past relevant work, in light of her residual functioning capacity (what she is still able to do despite the limitations caused by her impairments); and (5) can make an adjustment to other

---

[1] Cain also argues that the ALJ failed to adequately assess her credibility as to her symptoms and limitations, however, we need not address this issue in light of our decision regarding Cain's first argument.

[2] We review a Social Security case to determine whether the Commissioner's decision is supported by substantial evidence.  *Barnhart*, 405 F.3d at 1211.  Substantial evidence is relevant evidence that a reasonable person would accept as sufficient to support a conclusion.  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

work—available in the national economy—in light of her residual functioning capacity, age, education, and work experience. *See id.*; 20 C.F.R. §§ 404.1520(a)(4), 404.1545(a).

In this case we are concerned primarily with step four of this analysis. At this step, the ALJ must determine a claimant's residual functioning capacity by considering all relevant medical and other evidence. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). In so doing, "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel*, 631 F.3d at 1179. Failure to do so is reversible error. *Sharfarz v. Bowen*, 825 F.2d 278, 279–81 (11th Cir. 1987) (per curiam).

An ALJ considers many factors when weighing medical opinion evidence, including the examining and treatment relationships between a claimant and physician, whether a physician's opinion is well-supported, and whether it is consistent with the record. 20 C.F.R. § 404.1527(c). An ALJ must give a treating physician's medical opinion substantial weight, however, unless the ALJ clearly articulates good cause for discrediting that opinion. *Winschel*, 631 F.3d at 1179. "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* (quotations and citation omitted). We have indicated that showing good cause

3

requires the ALJ to discuss the pertinent elements of the treating physician's medical opinion. *Id.* (reversing and remanding because "the ALJ did not discuss pertinent elements of the examining physician's medical opinion"). A physician's opinion that a claimant is disabled is not given any special significance—because that issue is reserved for the Commissioner's determination—but the ALJ should still consider the opinion. 20 C.F.R. § 404.1527(d)(1)–(3); *Caulder v. Bowen*, 791 F.2d 872, 877–78 (11th Cir. 1986).

The ALJ here did not give good cause for according little weight to Cain's treating physician Dr. Rainey's opinions—specifically the opinions that Cain would be unable to consistently work a full eight-hour day and would have to miss at least four days of work per month. The vocational expert testified that a hypothetical person with Cain's age, education, and vocational profile, and the ability to do only sedentary work, would be able to work as a lamp shade assembler, an electronics assembler, or an automatic grinding-machine operator. That being said, the expert also noted that there would not be any jobs available for that hypothetical person to perform if, as suggested by Dr. Rainey in Cain's case, that individual could not consistently work eight-hour days and had to be absent from work for four days or more per month.

In making his final determination in Cain's case, the ALJ here did not include or discuss these two specific limitations. Instead, he gave little weight to

4

all of Dr. Rainey's 2013 and 2014 opinions, and gave only the following reasons for doing so: "I note that a consultative examination done [by Dr. Greene] in June 2014 revealed that the claimant used no assistive device to ambulate, had a normal gait, and had 5/5 strength in her extremities with no edema… [and] in January 2015, the claimant was ambulating normally."

On the one hand, by pointing to Dr. Greene's exam, the ALJ identified one medical observation and examination of record that generally contradicted Dr. Rainey's 2013 and 2014 observations concerning Cain's gait and ability to ambulate. This could perhaps be construed as a reason for giving less weight to Dr. Rainey's opinions as required for a showing of good cause. *See Winschel*, 631 F.3d at 1179. On the other hand, though, the ALJ did not address or contradict Dr. Rainey's *pertinent* opinions, on which the vocational expert's testimony and the ultimate disability determination hinged—that Cain could not consistently work an eight-hour day and would have to miss more than four days of work per month due to variable levels of pain created by her degenerative hip issues. *See id.* Moreover, the ALJ did not clearly state that Dr. Rainey's specific opinions were not bolstered by the evidence, were contradicted by the evidence, or were conclusory or inconsistent with Dr. Rainey's own medical records. *See id.*

Thus, we hold that the ALJ committed reversible error by failing to state with particularity and clearly articulate good cause for discrediting Dr. Rainey's

5

specific, determinative opinions. *See id.*; *Sharfarz*, 825 F.2d at 279. Accordingly, we vacate and remand with instructions for the ALJ to consider the treating physician's pertinent medical opinion evidence as to Cain's inability to consistently work eight-hour days or a full work month, and to clearly articulate its rationale for either crediting or discrediting this evidence.

**VACATED AND REMANDED.**