**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-13090
Non-Argument Calendar
_____

MARTA RIVERA,

*Plaintiff-Appellant,*

*versus*

ACTING COMMISSIONER OF THE SOCIAL SECURITY
ADMINISTRATION,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:23-cv-14135-SMM
_____

Before ROSENBAUM, ABUDU, and TJOFLAT, Circuit Judges.

PER CURIAM:

Marta Rivera appeals a District Court order affirming the Commissioner of the Social Security Administration's (SSA) denial of her application for supplemental security income (SSI). Rivera argues that the administrative law judge (ALJ) erred by substituting his own opinion for that of a medical expert when determining that she had the residual functional capacity (RFC) to perform light work and that the District Court erred in finding that there was substantial evidence in the record to affirm the ALJ's denial. We affirm.

## I.

Marta Rivera, who previously worked as a housekeeper, applied for SSI in January 2021 alleging disability beginning in November 2020. She listed in her disability report the following medical conditions as limiting her ability to work: bipolar, anxiety, panic attacks, pace maker, insomnia, arthritis, depression, and neuropathy.

The ALJ evaluated her claim using the five-step sequential evaluation process. In that five-step process, the ALJ found that Rivera had the RFC to "perform light work" with certain limitations.

In arriving at that RFC determination, the ALJ stated that he "careful[ly] consider[ed] the entire record," including "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the [evidence]" as well as the relevant "medical opinion(s) and prior administrative medical finding(s)." Specifically, he discussed Rivera's history of coronary artery

disease, history of obesity, various mental impairment diagnoses, assessments from state agency psychological consultants, and her own testimony about her symptoms. The ALJ also discussed reports from two of Rivera's doctors. One was a report from her primary care physician, which stated that she had a "normal gait, normal range of motion of all extremities, [] 5/5 motor strength in all extremities," and an "ambulatory status [that] was 'excellent.'" The other report was from Rivera's orthopedist, which (1) stated that Rivera had issues with her knees but "no instability" and (2) recommended her for physical therapy and viscosupplementation but did not recommend her for surgery. And, finally, the ALJ discussed the medical opinions and prior administrative medical findings of two state agency medical consultants and explained that their assessments were "partially persuasive." He found that their opinion that Rivera was limited to "light exertional capacity with additional postural and environmental limitations" was supported by the record. However, their opinion that Rivera was limited to "standing and/or walking for a total of two hours [was] not," because the record showed that, though Rivera has osteoarthritis in her knees, she has a "consistently normal gait with no motor deficits or decreased range of motion." The ALJ, thus, determined that Rivera had the RFC to "perform light work" with some limitations.

Based on that RFC, the ALJ concluded that Rivera could perform her previous work as a housekeeper or various other jobs that exist in significant numbers in the national economy and was, thus, not disabled. The ALJ ultimately denied Rivera's SSI application. The SSA Appeals Council denied Rivera's subsequent request for

review, which made the ALJ's decision the final decision of the Commissioner.

Rivera appealed to the District Court, arguing that the ALJ erred by rejecting the medical consultants' opinion that Rivera was limited to standing and/or walking for two hours a day.[1] The parties consented to U.S. Magistrate Judge jurisdiction, and the magistrate judge affirmed the ALJ's decision, stating that, though an ALJ cannot "substitute his own judgment for that of medical sources," he "does not impermissibly assume the role of a doctor by viewing record evidence as a whole and making an RFC determination. Nor does an ALJ impermissibly substitute his own judgment by finding a medical opinion not persuasive." As such, the magistrate judge found there was substantial evidence to support the ALJ's decision and affirmed.

Rivera timely appeals.

## II.

Rivera argues that the ALJ substituted his own opinion for that of medical experts when he rejected the medical consultants' opinion and that the magistrate judge erred as a matter of law by finding that there was substantial evidence to support the ALJ's decision.

---

[1] Rivera raised an additional issue in the District Court regarding the ALJ's reliance on a hypothetical situation provided by a vocational expert while testifying. The District Court rejected her argument, and she does not raise it again here.

"When . . . the ALJ denies benefits and the [Appeals Council] denies review, we review the ALJ's decision as the Commissioner's final decision." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). "We review de novo the ALJ's application of legal principles, and we review the ALJ's resulting decision [for] whether it is supported by substantial evidence." *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021) (citation and internal quotation marks omitted). Further, "[w]e review de novo the district court's determination as to whether the ALJ's decision was supported by substantial evidence." *Buckwalter*, 5 F.4th at 1320. The substantial evidence standard "is not high" and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103, 139 S. Ct. 1148, 1154 (2019) (citation and internal quotation marks omitted).

Social Security regulations provide a five-step sequential evaluation process for determining whether a claimant is disabled and, thus, entitled to SSI benefits. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v), (b)-(g). Between steps three and four, the ALJ determines the claimant's RFC, which is "the most [the claimant] can still do despite [her] limitations." § 416.945(a)(1). The RFC accounts for "all of [the claimant's] medically determinable impairments" and is assessed "based on all of the relevant medical and other evidence." § 416.945(a)(2)-(3). The RFC determination is an assessment that is left entirely to the ALJ. § 416.946(c). In making the determination, the ALJ reviews the record as a whole, § 416.945(a)(1), (3), and, for claims filed on or after March 27, 2017, the ALJ "will not defer or

give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." § 416.920c(a). The ALJ, instead, considers the medical opinions and prior administrative findings using five factors, § 416.920c(c)(1)-(5), the "most important" of which are "supportability" and "consistency" with the other evidence.[2] § 416.920c(b)(2). As such, though the ALJ cannot substitute his own opinion on medical issues for that of medical experts, *See Freeman v. Schweiker*, 681 F.2d 727, 731 (11th Cir. 1982), he can "reject any medical opinion if the evidence supports a contrary finding." *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987).

Here, the ALJ did just that. He considered all the record evidence—including Rivera's testimony, medical records from two doctors, and the administrative medical findings of state agency medical and psychological consultants—and found that the medical consultants' conclusion that Rivera could stand or walk no more than two hours a day was inconsistent with everything else. He did not substitute his own opinion for that of medical experts. He simply rejected a medical opinion that conflicted with the other evidence in the record, including other medical opinions. It is the ALJ who decides a claimant's RFC, and, by evaluating the record

---

[2] The other factors considered are the relationship of the examiner with the claimant, the "specialization" of the examiner, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. § 416.920c(c)(3)-(5).

24-13090                Opinion of the Court                7

as a whole when making the determination, the ALJ here properly upheld his duty to decide the RFC himself. He did not "play doctor." He played ALJ.

### III.

The ALJ did not substitute his own opinion for that of a medical expert, and there was substantial evidence in the record to support his RFC determination. We affirm.

**AFFIRMED.**