[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11386
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cv-00622-JBT


DAVID ALLEN SATERNUS,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 6, 2016)

Before TJOFLAT, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

David Saternus appeals from the district court's order affirming the Administrative Law Judge's ("ALJ's") denial of his application for disability insurance benefits under 42 U.S.C. § 405(g).  He argues that the ALJ improperly gave little weight to the opinion of his treating physician, Dr. Nadal.  He argues that the ALJ did not properly articulate a good cause to discount Dr. Nadal's opinion and further erred by assigning significant weight to the testimony of a non-examining physician, Dr. Molis.

Saternus's initially applied for disability insurance benefits under Title II of the Social Security Act due to several medical problems that gave him back pain. He sought a hearing before an ALJ after the Commissioner's initial review found that he was not eligible for disability insurance benefits.  Before the ALJ, Saternus submitted the report of Dr. Nadal.  Dr. Nadal's report noted that Saternus's pain was constant and severe enough to prevent him from walking a half of a city block without rest or intense pain.  She also estimated that Saternus could only sit for thirty minutes or stand for ten minutes without pain.  Between the pain he experienced and the sedation from his medications, Dr. Nadal opined that Saternus would be off task for at least a quarter of any work day and would be absent from work for more than four days in a month.  Nevertheless, Dr. Nadal's records indicate that she had recommended that Saternus go on short bike rides or use a treadmill to lose weight.

2

Dr. Edmund Molis's report to the Social Security Administration on Saternus's residual functional capacity was also presented to the ALJ. Dr. Molis, a non-treating physician, opined that Saternus's allegations of pain were partially credible since his afflictions could result in such limitations, but that some of his allegations were disproportional to the expected severity and duration of his medical ailments. Dr. Molis judged at Saternus was still fit for light work and thus not disabled. On this basis, the vocational expert who came before the ALJ was able to suggest several light jobs for which Saternus would be qualified, including a mail clerk, gate attendant or parking lot cashier.

The ALJ concluded that Saternus was not entitled to disability insurance benefits because he had residual functional capacity for light work. The ALJ afforded little weight to Dr. Nadal's report, finding it was not supported by medical rationale and was of limited credibility. In particular, the ALJ viewed Dr. Nadal's opinions on Saternus's functional capacity to be inconsistent with CT and MRI scans showing only mild inflammation and a small disc bulge. Furthermore, Dr. Nadal's opinion was inconsistent with her own recommendation that Saternus exercise using a bike or treadmill. Instead, the ALJ gave significant weight to Dr. Molis's report, which he found consistent with Saternus's treatment records and based on objective medical evidence that suggested his residual functional capacity for light work.

We review the ALJ's decision in order to determine whether it is supported by substantial evidence and whether the ALJ applied proper legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Id.* We may not reweigh the evidence and decide the facts anew and must defer to the ALJ's decision if it is supported by substantial evidence even though the evidence may preponderate against it. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

The claimant must be under a disability to be eligible for disability insurance benefits. 42 U.S.C. §§ 423(a)(1)(E), 1382c(a)(1), (2). In relevant part, a claimant is disabled if he is unable to engage in substantial gainful activity by reason of a medically determinable impairment that can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To determine whether a claimant is disabled, the Social Security Administration applies a five-step sequential evaluation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). This process analyzes whether the claimant: (1) is unable to engage in substantial gainful activity; (2) has a severe and medically determinable impairment; (3) has an impairment, or combination thereof, that meets or equals a Listing and meets the duration requirement; (4) can perform her past relevant work, in light of her residual

functional capacity; and (5) can make an adjustment to other work, in light of her residual functional capacity, age, education, and work experience. *Id.* Thus, if the claimant is unable to do past relevant work, the examiner proceeds to the fifth and final step of the evaluation process to determine whether, in light of the claimant's residual functional capacity, age, education, and work experience, the claimant can perform other work. *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002).

For a statement to be characterized as a "medical opinion," it must be from a physician, psychologist, or other acceptable source and "reflect judgments about the nature and severity of [the claimant's] impairments(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). A doctor's opinion on a dispositive issue reserved to the Commissioner, such as whether the claimant is disabled or unable to work, is excluded from the definition of a medical opinion and is not given special weight, but the ALJ should still consider the opinion. 20 C.F.R. § 404.1527(d).

The ALJ must state with particularity the weight given to different medical opinions, and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011); *see also Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) ("The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible

5

error."). Testimony or an opinion of a treating physician must be given substantial or considerable weight unless "good cause" is shown to the contrary. *Lewis*, 125 F.3d at 1440. We have found "good cause" to exist where: (1) the opinion was not bolstered by the evidence, (2) the evidence supported a contrary finding, or (3) the opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*; *see also Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987) (stating that an ALJ "may reject any medical opinion if the evidence supports a contrary finding"). The weight to be given a non-examining physician's opinion depends, among other things, on the extent to which it is supported by clinical findings and is consistent with other evidence. *See* 20 C.F.R. § 404.1527(e).

Here, substantial evidence supports the ALJ's conclusion that there was good cause for giving little weight to Dr. Nadal's opinion. *See Lewis*, 125 F.3d at 1440. Indeed, the evidence the ALJ martialed reasonably supports both the conclusion that Dr. Nadal's opinion was contrary to the evidence and that it was inconsistent with her own records of treating Saternus. *See id.* The ALJ noted that the limitations that Dr. Nadal recommended were inconsistent with the record evidence from Saternus's visits to Dr. Nadal, particularly in light of her recommendations that he exercise more and try riding a bike or using a treadmill, which were made while Dr. Nadal was aware of Saternus's complaints of back pain. At the same meeting, Saternus told Dr. Nadal that his pain medication helped

6

him to perform daily activities.  In addition, the ALJ noted that the limitations recommended by Dr. Nadal were inconsistent with the CT and MRI scans of Saternus following his recent complaints of back pain, which showed slight inflammation and a small disc bulge but nothing else structurally wrong with his spine and lower back.  The ALJ also concluded that Saternus's description of his daily activities was evidence that Saternus was capable of performing at least light work.  These findings conflict with Dr. Nadal's opinion that Saternus could only walk half a block or that he would be off-task for over 25% of the time because of his pain.  As such, there was substantial evidence showing good cause for the little weight the ALJ accorded to Dr. Nadal's opinion.

Additionally, the ALJ had substantial evidence supporting the decision to give great weight to Dr. Molis's opinion under 20 C.F.R. § 404.1527(e), which was plainly explained in his ruling.  As a non-examining physician's opinion, the support it drew from the mild clinical findings and Saternus's description of his daily activities gave the ALJ ample basis for according it significant weight.  *See id.*  Therefore, the ALJ did not err in its significant reliance on Dr. Molis's report.

Accordingly, the ALJ clearly explained the substantial evidence on which he relied for rejecting Dr. Nadal's statement regarding the extent and limitations of Saternus's impairments and for assigning significant weight to Dr. Molis's opinion

7

under the relevant legal standards.  *See Lewis*, 125 F.3d at 1440; 20 C.F.R.

§ 404.1527(e).

 **AFFIRMED.**