[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11557
Non-Argument Calendar

_____

D.C. Docket No. 6:14-cv-02107-DAB

DAVID MCGILL,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 13, 2017)

Before HULL, WILSON, and MARTIN, Circuit Judges.

PER CURIAM:

David McGill appeals the district court's order affirming the Administrative

Law Judge's ("ALJ") denial of his application for disability insurance benefits and

supplemental security income.  McGill makes three arguments:  (1) the ALJ did not properly weigh the evidence and medical opinions in determining McGill's residual functional capacity ("RFC")[1]; (2) the ALJ did not pose a proper hypothetical to the vocational expert; and (3) the ALJ did not properly assess McGill's credibility on how much pain he was suffering.  After careful review, we affirm.

## I.

On December 8, 2011, McGill applied for disability insurance benefits and supplemental security income.  On the application, McGill listed seven health conditions:  (1) Type 1 diabetic; (2) depression; (3) heart attack; (4) left shoulder pain; (5) restless leg syndrome; (6) sleep apnea; and (7) diabetic retinopathy. McGill submitted medical records detailing his treatment for these conditions. Some of the medical records also showed treatment for neck pain—which was not listed in his application—but most of McGill's treatment records do not mention neck pain.  McGill also received a physical functional capacity assessment from Dr. Alvan Barber.  Dr. Barber determined McGill had a limited ability to perform the activity of "reaching" with his hands, including both overhead reaching and all other reaching.

---

[1] "The [RFC] is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments."  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

At a hearing, McGill testified in front of an ALJ about his conditions.  In McGill's testimony, he complained of extreme right shoulder pain.  McGill testified he could lift twenty pounds comfortably depending on his shoulder pain, couldn't raise his right arm more than a foot (without causing himself "extreme pain"), couldn't clean his home, had trouble washing and dressing himself, and struggled to sleep.  He also testified he worked a few hours a day, prepared dinner, drove, and grocery shopped, all with some difficulty.  McGill did not testify about neck pain.  The ALJ also examined a vocational expert.  The ALJ posed a hypothetical to the expert asking to consider an individual with no ability to reach overhead.  But the hypothetical did not include any other reaching limitations.

The ALJ denied McGill's application for benefits.  The ALJ determined McGill had the RFC to perform light work "except with a 30 minute sit/stand option.  No climbing ladders, ropes, or scaffolds. No balancing, but occasional other postural (stoop, kneel, crouch, and crawl).  No overhead reaching.  No concentrated exposure to vibrations, work around moving mechanical parts, or work at unprotected heights."  In making the RFC assessment, the ALJ gave "some weight" to Dr. Barber's "persuasive" assessment.  [The ALJ noted McGill worked in retail and as a cashier a few hours a day during the claimed disability period.  He also prepared dinner, showered, drove, and shopped for groceries.  Further, the ALJ found McGill's "statements concerning the intensity, persistence and limiting

3

effects of [his] symptoms are not entirely credible for the reasons explained in this decision." Thus, the ALJ determined McGill had "a much higher capacity than he allege[d]." The ALJ did not discuss McGill's neck pain.

## II.

"We review the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards." Lewis, 125 F.3d at 1439. "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. at 1440. "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation omitted and alteration adopted).

The Social Security Regulations outline a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520; Winschel, 631 F.3d at 1178. Only steps four and five are relevant to this appeal. At step four the ALJ determines whether the claimant can perform his past relevant work despite his impairment. Id. This determination is based on the ALJ's assessment of the claimant's RFC. Id. "The [RFC] is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." Lewis, 125 F.3d at 1440. If the claimant cannot perform his past relevant work, the ALJ proceeds to step five, where the Commissioner must

demonstrate there are other jobs available that the claimant can perform.  Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999).  One "method of demonstrating that the claimant can perform other jobs is through the testimony of a [vocational expert]."  Id. at 1229.

## A.

McGill first argues the ALJ erred in his RFC assessment.  McGill challenges the RFC assessment on two grounds.  He argues (1) the ALJ adopted some but not all of the reaching limitations noted by Dr. Barber in his functional capacity assessment, and (2) the ALJ failed to mention McGill's neck impairment.

"[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor."  Winschel, 631 F.3d at 1179.  But "the ALJ may reject any medical opinion if the evidence supports a contrary finding."  Sharfarz v. Bowen, 825 F.2d 278, 280 (11th Cir. 1987) (per curiam).  Further, the opinions of a doctor who examined a claimant just one time are not entitled to great weight.  Crawford v. Comm'r, Soc. Sec., 363 F.3d 1155, 1160 (11th Cir. 2004) (per curiam).

Here, the ALJ gave "some weight" to Dr. Barber's "persuasive" assessment.  Dr. Barber determined McGill had a limited ability to perform the activity of "reaching" with his hands, including both overhead reaching and all other reaching.  The ALJ went beyond Dr. Barber's recommendation by restricting all

overhead reaching, but did not follow Dr. Barber's recommendation to limit other types of reaching. The ALJ noted McGill worked in retail and as a cashier a few hours a day during the claimed disability period. He also noted McGill prepared dinner, showered, drove, and shopped for groceries. Thus, the ALJ determined McGill had "a much higher capacity than he allege[d]." Based on these findings and that Dr. Barber's opinion was gleaned from only one examination of McGill, the ALJ was free to give only some weight to Dr. Barber's opinion. See Crawford, 363 F.3d at 1160. The ALJ's finding that the activities McGill could perform were inconsistent with Dr. Barber's opinion on McGill's reaching limitations is supported by substantial evidence. See Winschel, 631 F.3d at 1178; Sharfarz, 825 F.2d at 280.

McGill also argues that the ALJ erred in failing to mention his neck impairment. But McGill did not list neck pain in his application for benefits. Neither did he mention his neck during his testimony before the ALJ. And most of McGill's treatment records do not mention neck pain. "An individual claiming Social Security disability benefits must prove that she is disabled." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam). While McGill's medical records do contain some evidence of neck pain, the records that don't list neck pain suggest he was not limited by the neck pain. He did not meet his burden

of showing the effect the neck pain had on his ability to work.  Id.  Therefore, we affirm the ALJ's RFC assessment.

## B.

Next, McGill argues the ALJ's hypothetical questions to the vocational expert during the hearing did not properly reflect McGill's limitations, and thus the ALJ erred in relying on the vocational expert.  Specifically, McGill argues the ALJ's hypothetical did not include all of the reaching limitations noted by Dr. Barber.  McGill bases this argument on his earlier argument that the ALJ erred in his RFC assessment.

We affirmed the ALJ's RFC assessment above, and we now also affirm the ALJ's choice of hypothetical based on that assessment.  See Crawford, 363 F.3d at 1161 ("[T]he ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported.").

## C.

Finally, McGill argues the ALJ did not properly assess the credibility of McGill's claim that he suffered from significant pain.  Specifically, McGill argues the ALJ used boilerplate language in finding McGill not credible and did not offer enough reasoning to support the credibility determination.

"If a claimant testifies as to his subjective complaints of disabling pain . . . the ALJ must clearly articulate explicit and adequate reasons for

discrediting the claimant's allegations of completely disabling symptoms." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (quotation omitted). But this Court will not disturb an ALJ's clearly articulated credibility finding that is supported by substantial evidence in the record. Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (per curiam).

Here, the ALJ found McGill's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely credible for the reasons explained in this decision." The ALJ noted McGill worked as a cashier, prepared meals, drove, and grocery shopped. The ALJ found these "many activities demonstrate a much higher capacity than [McGill] allege[d]." While McGill is correct that the record includes evidence of his ongoing shoulder pain, the ALJ also supported the credibility finding with substantial evidence. Therefore, we must affirm the ALJ's credibility finding. See Foote, 67 F.3d at 1562.

**AFFIRMED.**

8